In the
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW, Washington, DC 20001-2866

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED JUL 21 2014
CLERK

Radcliffe Bancroft Lewis
8210 Dixon Avenue, Silver Spring, MD 20910

and

RADCLIFFE BANCROFT LEWIS L-4028 USN VET
8210 Dixon Avenue, Silver Spring, MD 20910

and

RADCLIFFE LEWIS ENTERPRISES
C/o Radcliffe B. Lewis, Service Provider
1901 15th Street, NW
Washington, DC

Consolidated as:
    Radcliffe Bancroft Lewis
    8210 Dixon Avenue, Silver Spring, MD 20910
                           **Appellant**

USCA Case No. 14-7072

USDC Case No. 14-702

v.

DISTRICT OF COLUMBIA
C/o Office the Secretary of the District of Columbia
1350 Pennsylvania Avenue, NW, Suite 419
Washington, DC 20004

and

CATHY L. LANIER, CHIEF OF POLICE
DISTRICT OF COLUMBIA METROPOLITAN POLICE
DEPARTMENT
300 Indiana Avenue, NW, Room 5059
Washington, DC 20001

and

DISTRICT OF COLUMBIA METROPOLITAN POLICE
DEPARTMENT
300 Indiana Avenue, NW, Washington, DC 20001

---

and

ANGEL VAZQUEZ, BADGE NUMBER 4374 :
C/o DISTRICT OF COLUMBIA METROPOLITAN :
POLICE DEPARTMENT :
300 Indiana Avenue, NW, Washington, DC 20001 :

and :

ANGEL VAZQUEZ, *In Personam* :
C/o DISTRICT OF COLUMBIA METROPOLITAN :
POLICE DEPARTMENT :
300 Indiana Avenue, NW, Washington, DC 20001 :

and :

WELBURN MANAGEMENT CONSULTING INC. :
3985 Prince William Parkway :
Woodbridge, VA 22192 :

and :

MCDONALDS STORE NUMBER 5176 :
2334 Georgia Avenue, NW :
Washington, DC 20001 :

and :

LIBERTY MUTUAL INSURANCE :
175 Berkeley Strest :
Boston, Massachusetts 02116 :

and :

MCDONALDS CORPORATION :
2111 McDonald's Drive :
Oak Brook, IL 60523 :

and :

GINA M. LIVOLSI, LAPOINT LAW, P.C. :
One Lane Center :
1200 Shermer Road, Suite 310 :
Northbrook, IL 60062-4563 :
           **Appellees** :
                :



# BRIEF OF APPELLANT

## Identity and Auspice

1    Comes now Radcliffe Bancroft Lewis to present this Brief to this Honorable Court. Radcliffe Lewis moves upon the court *sui juri*,[1] his compartment personages listed in the caption otherwise, being his personage as identify according to his veteran status, and, sole proprietorship engagements so housed, respectively.

In accordance with the court's instruction, this case may be remediable in accordance with Rule 34 J[2].

## Statement of the Brief

---

[1] In his own right.

[2] Rule 34(J) reads: (j) Disposition Without Oral Argument.
(1) Procedure. Whenever the court, on its own motion, or on the motion of a party or stipulation of the parties, concludes that oral argument is not needed, the court may, after causing notice of that determination to be given to the parties by the clerk, proceed to dispose of the case without oral argument.
(2) Reconsideration. Motions for reconsideration of a decision to dispose of a case without oral argument may be made within 10 days of the date of the order advising counsel of this court's determination that the case is to be decided without oral argument. Such motions are disfavored.

**Comment:** Making a disposition without oral argument without opportunity for a sui juri / "pro se" litigant to advance a motion for oral argument after a reply brief, in the event the court is inclined to dispose of the matter 'in the proper administration of justice' appears **prejudicial** to such a litigant. Such litigants are not usually as well refined in their submission of documents to the court, and cannot be, especially if their day to day occupations have little to do with interacting with the courts. As for litigants who are deemed "lay persons" the rule **is** adverse to them as well **it being** the direction of the courts of recent is to criminalize legal **professionals** who are not **"attorneys"**, co-opt the **term** "lawyer" to refer only to attorneys, and thereby send the assortment of independent legal and litigation support personal: paralegals, investigators, scribes, *notarios*, etc. in flight away from such work in order to make a living. Their ability to submit documents to the courts that may cover the full panoply of arguments and precedents necessary to present a full brief to the court is not only hamstrung by their exclusion not only in the update of the rules of the courts, but also in the rule-making process of the courts. They are rendered bereft without pay, the bar counsels repeatedly announcing to the public that only attorneys of the bars can be trusted and "non-attorneys" are not to be trusted, and are involved in criminal actions if they assist citizens of the United States of America in "preparing legal documents". It is a money grab, **orchestrated** by the rule-making capture schemes of the guilds called Bars. **Note Appendix B:** *Are You a Guinea Pig.* Appellant's comment on Rule 49 of the District of Columbia Court of Appeals.

The case was not merely dismissed in a manner that appears arbitrary and capricious, but the dismissal was also a frivolous dismissal and constitutes acceleration of litigation. **It** goes against the maxim the the courts should be an instrument of last resort.

## Related Actions

2      As the appellant here is **deemed** *'pro se'*[3] by the court and recognizes that any case that is submitted by a *'pro se'* litigant is deemed related, that is very true. The appellant here need not recite to the court the litany of findings regarding the structure of the court. Suffice to say, the record of appellant's findings regarding the identification of the court can be found in the related cases. The related cases below are:

3      Lewis v. Wallace, et al, Case No. 1: 04-cv-00600 GK, where Lewis, operating as an investigator under the judicial side of the District of Columbia Courts had his payments for legal services interfered with by the United States Administration, particularly the United States Department of Veterans Affairs, an organization that has recently come under fire for **its** very poor treatment of veterans of the United States Armed Forces. Lewis is a veteran.

4      Lewis v. District of Columbia Judiciary eta al, Case No. 1:07-cv-00697 RJL filed as a result of retaliation by the DC Courts rescinding Lewis's certification as a criminal defense investigator because of the prior case noted above. This situation has resulting in severe economic depravities for Lewis.

5      Lewis, et al, v. Fenty et al, 1:08-cv-00120, filed as a result of corruption in finance and

---

3   Appellant has discovered in his heuristics that though *'pro se'* means "for self" denotatively, it connotes "selfish" as **one** who is selfish. It is a defamatory branding of litigants who appear before the courts without assistance of attorneys of the bar. The branding *'sui juri'* is more appropriate.

gambling related practices in the District of Columbia stemming from a dispute preceding the matters above.

6   Lewis v. Government of the District of Columbia et al, Case No. 1:08-cv-01314 RJL, where police officer ejected Lewis, a paying patron, from a Greyhound dining establishment, while keeping covered his badge number. The suit boiled down to an order **instructing** Lewis to go forth and obtain the badge number, and a clear directive to the District of Columbia Metropolitan Police that whenever a civilian requests the name and badge number of one of its officers, such officer is to comply with that request. Incidentally, Lewis notified that court that the order to advance and locate the officer and obtain his badge number without assistance created **an** environment for any such officer, if unstable, to conflate the matter by either executing a false arrest, or, harming the requester, especially if wrongful actions on the part of the officer or others he seeks to conceal in their wrongful actions, **exists.** This ominous warning was clearly fulfilled in the initial incident leading to **this** case: the false arrest perpetrated by Angel Vasquez upon Lewis, at a McDonald's dining facility.

7   Lewis v. Government of the District of Columbia eat al, Case No. 1:12-cv-00088 UNA, a second suit where Lewis advanced to claim the prize of the December 11, 1999 Powerball jackpot prize, as a result of the findings after years of investigating the litigation of prior cases revolving that affair. The first in this court was the case (No. 1:08-cv-00120) against Fenty. This particular matter holds the ongoing conflict between Radcliffe Lewis and his family, the Lewis Family Unit on the one hand, and the District of Columbia government, including the D.C. Bar, and the Federal City Council on the other.

8   In all of these cases we can see that no matter who the incidental personages are, be such an

employee of the District of Columbia Courts overseeing disbursements of pay-cheques, some judge who holds Lewis in "suspicion" because he (Lewis) questions the arbitrary and capricious, and, retaliatory actions of ~~the~~ an employee of a silent judicial administration court (the Public Defender Service) of the District of Columbia, a District of Columbia Government elected officer who serves at the pleasure of an unelected District of Columbia Government ~~unelected~~ finance officer controlling assets that the Lewis Family Unit claims is rightfully theirs, police officers who seem to infiltrate dining establishments and target Lewis for harassment and ejection, if not arrest, without being able to properly identify themselves without retaliation, or, in the alternative, without being able to explain the authority under which they act, or, **an** army of attorneys, attorney policy **makers,** and even judges, who seem to operate to summarily close Lewis **off** from access to the courts using policy, legal opinions, or any other scheme that they may be able to conjure, even if it means having to change major policies, and even if such 'legal opinions' **encroach** upon a so-called "non-attorney" to be the voice of his own family unit or sole proprietorship engagements, the respondeate superior is always the Government of the District of Columbia, the Chief Financial Officer of the District of Columbia, or, some company that is no doubt a member of the Federal City Council.

9      It is safe to question whether a vast legal conspiracy is afoot, but even if the puppet masters are able to divinely manipulate the strings in such a **manner that** we cannot hook them in the tangible-sphere, and showcase conclusive evidence to that effect, the motive is **clear:** a need to protect the **interests** of the here-mentioned respondeate superiors from a claim that to day in principal alone can amount to a monetary value of not less than sixty and six million, and three hundred and thirteen thousand, and five hundred and eighty and eight dollars, and eighty and five cents, U.S. Currency value (2014) which is today, US $66,313,588.85.

10      There is another pending case, that of Lewis v. District of Columbia, et al, an in-rem action to **seize** assets in transfer within the District of Columbia stemming from the ongoing dispute mentioned above. The case number for that **action,** which was filed only on **July 12, 2014** is not yet disclosed by the Clerk of the court below. It is an attempt to collect at least US $25,144, 908.03 in relation **to** the ongoing and over-arching continuing dispute that the Lewis Family Unit has with the here-mentioned respondeate superiors.

11      Yes, these matters, all of these matters are related.

12      However, that said, the purpose of the Brief is to contest the Order of the court below where it dismissed this case on April 23, 2014.

### Request for Court's Indulgence

*Time as Weapon against 'Pro Se' Litigants*

13      This court can see that the appellant has been busy, and time is of the essence in getting this Brief to court. For that reason, appellant here moves upon the court to please grant the indulgence of whatever missive in form **and** structure that this document may be in wont of. Very little time is alloted to perform any kind of exhaustive research to address this matter here, but in reality, especially if this court chooses to be as activist as the court below in addressing the matter[4], very little should be needed from the appellant here to convince the court that it is the dismissal and not the suit that is frivolous.

---

4   Judicial Activism below: It does not appear the court below sought in any way an y input from the defendants in executing the dismissal. The Memorandum Opinion of April 23, 2014 is by all accounts a responsive pleading on behalf of the defendants performed by the judge, replete with not less than three precendents (per curiam) one federal law, and one D.C. Law. Additionally inter alia, the court seemed astounded that a litigation expert, (Lewis) was able to assess in two minutes whether a counsel assigned to him was fit to represent him. The court also noted that the charges against Lewis stemming from the false arrest were dismissed on June 23 of 2011.

## Discussion

14    The court relies on a case filed one year after the incident *(Duberry v Inter-Con Sec. Systems, Inc. 898 F. Supp. 2 d 294, 200 (D.D.C. 2012)* citing *Hobley v. Wachovia Corp., 275 Fed. Appx. 16(D.C. Cir. 2008) (per curiam)*, to make its determination that the case is time barred for false arrest. This flies in the face of what has been conveyed to Lewis via the Order of September 18, 2008 in *Lewis v. Government of the District of Columbia et al, Civil Action No. 08-1314*, a case which was after *Hobley*. See **Appendix C-1: Order.** The court below did not explain what articulations in the precedents it draws upon in order to justify why both *Duberry* and *Hobley* should preempt Lewis as the **precedence** setters in this action. Remember, *'pro se'* litigants are not called to the decision making process and legal **update** conferences and seminars and treated with any level of dignity and respect. The policy-making bodies of the courts are far removed from including **members** of the public in the policy-making process of the courts relative such members being more cognitive as to cases the courts select to be **precedence** setters that **cause** the courts rule on in the minds of select *'pro se'* litigants. It is quite an uprooter to convey to this *'pro se'* litigant that after numerous actions where the administrative process has been undertaking to ascertain the courts are approached only as an instrument of last resort, that especially when dealing **with** the Blue Wall (police), a Federal Enclave, (District of Columbia), and a publicly accommodatable establishment engaging civil rights **violations,** that the plaintiff should move to the courts, within one year. This is acceleration of litigation.

15    Furthermore, to suggest this change in the statute of limitations form catch-all three years to catch-all one year by applying what may well be cases fixed by lawyers to **derive** a cut-off outcome – if that is what we have here – is egregious.

16	Additionally, for brevity, as appellant here mentions above, very little time has been allotted for the preparation of this Brief in light of the continuation of litigation and advocacy related to **both** the over-arching million dollar affair, **and** the robust maneuvering of the Bar Counsels to ruin the lives of other than attorney – legal **experts. It** may appear to be a heaven's win for the defendants if they could ease by **not** having to answer in culpability for this false arrest, the District of Columbia being unable thus far to separate the authority **that** Vazquez relied on to perpetrate the false arrest, from his authority as a uniformed police officer of the Metropolitan Police Department, and at the same time being able to explain how he, under employ made **a** 'citizens arrest' documented as a 'law enforcement officer arrest' which was then processed using the facilities of the Metropolitan Police Department, with no indication he was **acting** on behalf of any McDonald's, Welburn, or, Liberty Mutual agent being the citizen that announced any arrest. However, it would be fool-hardy for the defendants to hold on to such droughty hope of evasion by statute of limitation, as the latest overt actions of wrongful eviction occurred as late as December of 2014, when upon Lewis entering the premises, of McDonalds at 2334 Georgia Avenue, NW, the manager, Evelyn Huntington was already on her telephone calling the police and ordering Lewis to leave. Upon leaving the premises (45 seconds later) an employee stuck her head out the window and shouted "Don't come back for five years". No bar notice was ever signed.

17	But since **they** couldn't get Lewis to stick around long enough to be accosted with both a bar notice and arrest, the employees of the establishment were so incensed by that 45 second visit, they and the officers of the Metropolitan Police Department took out their vengeance on another black man, Oduno Tarik, arresting him for buying a cup of coffee. That case, *United States Vs. TARIK, ODUNN A, DC Superior Court, Case N. 2014 CMD 000205* was dismissed for want of prosecution on May 30, 2014.

18   Now, in case both the defendants and the court below attempt to suggest that the arrest of Mr. Tarik had nothing whatsoever to do with the ejection of Mr. Lewis, and where the order of the court below is written to give the appearance that Lewis simply sat and did absolutely nothing to bring resolution to his grievances over a long period of less than three years, the court here is provided a letter **from** Deeanna Jang, Federal Coordination and Compliance Section Chief, Civil Rights Division, United States Department of Justice, dated April 11, 2014 in response to discrimination complaints that Lewis filed; and though notably the letter does not specify the complaint was directly related to this affair, document number 369320, and a date (November 15, 2012) was provided. See **Appendix C-2**: Letter. Also provided here **is** a letter from Eloisa Rocha, Intake Scheduler, Office of Human Rights, District of Columbia, dated, December 3, 2013 addressing the matter. See **Appendix C-3**. This matter was before those organizations in one way or another, and truly, Lewis had no business coming to court before such organizations showed some indication of disposing of the matter as brought before them.

19   Finally, in light of the over-arching dispute, the Federal Courts should exercise supplemental jurisdiction where necessary.

20   Appellant here reserves any further statements in support of his appeal to be addressed in a Reply Brief if necessary.

### Certificate of Service

I, Radcliffe Bancroft Lewis affirm under penalty of perjury that on this 17th day of July, 2014 I caused a copy of the foregoing
                    BRIEF OF APPELLANT
to be delivered to remitted to the Clerk of the Court for the purpose of service upon the following:

Office of the Attorney General for the District of Columbia

441 Fourth Street, N.W., Suite 600 South, Washington, DC 20001
*Counsels for Defendant District of Columbia*

and

Prentice Hall Corporation System
1090 Vermont Avenue, NW
Washington, DC 20011
*Resident Agent for McDonalds, Liberty Mutual*

and
LaPointe Law, P.C.
One Lane Center
1200 Shermer Road, Suite 310
Northbrook, IL 60062-4563

Sign      /s/ R. Lewis
       Radcliffe Bancroft Lewis, Plaintiff